# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHEFALI MEHTA,**<br>c/o David A. Branch, Esq.<br>1828 L Street, NW, Suite 820<br>Washington, D.C. 20036<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**SYNGENTA CORPORATION,**<br>3411 Silverside Road, Suite 100<br>Concord Plaza, Shipley Building<br>Wilmington, Delaware 19810<br><br>　　　　　**Defendant.** | **Case No. 1:19-cv-3011**<br><br>**Removed from:**<br>**Superior Court of the District**<br>**of Columbia** |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Syngenta Corporation hereby gives notice of the removal of the above-captioned matter from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. In support of removal, Defendant states as follows:

**I.　　Superior Court Action**

On or about July 26, 2019 Plaintiff Shefali Mehta initiated this action against Defendant in the Superior Court of the District of Columbia. Defendant Syngenta Corporation[1] was served with the Summons and Complaint on September 16, 2019. True and correct copies of all documents received by Defendant in the state court action are attached hereto as Exhibit A and as required by 28 U.S.C. §1446(a). Accordingly, this Notice of Removal is timely. Syngenta Corporation is the only defendant named in this action and no other party is required to consent

---

[1] Defendant Syngenta Corporation was not Plaintiff's employer.

to the removal of this action to the United States District Court for the District of Columbia. 28 U.S.C. § 1446(b)(2)(A).

II.     **Nature of Action**

In her Complaint, Plaintiff alleges race discrimination and retaliation in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981). She also claims violations of the District of Columbia Wage Theft Prevention Act (D.C. Code § 32-1301, *et seq.*), the District of Columbia Accrued Sick and Safe Leave Act (D.C. Code § 32-131.01 *et seq.*), and the District of Columbia Family and Medical Leave Act (D.C. Code § 32-501 *et seq.*), as well as breach of contract. *See generally* Exhibit A, Complaint.

III.    **Removal of the Superior Court Action**

Under 28 U.S.C. §§ 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because the Superior Court for the District of Columbia lies in the District of Columbia, this Court is the appropriate venue for removal.

Both federal question and diversity jurisdiction exist in this case pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1). Plaintiff alleges discrimination in violation of federal law. This is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 pursuant to 28 U.S.C. § 1332(a)(1).

A.      **The Court Has Federal Question Jurisdiction.**

With respect to the Court's original jurisdiction under 28 U.S.C. § 1331, Plaintiff's Complaint asserts claims under the Civil Rights Act of Civil Rights Act of 1866 (42 U.S.C. § 1981), which is a "law . . . of the United States" under section 1441. Although Plaintiff's

Complaint also alleges violations of the laws of the District of Columbia, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

### B.     The Court Has Diversity Jurisdiction.

#### *1.     Plaintiff is a citizen of the Commonwealth of Virginia.*

For purposes of diversity jurisdiction, citizenship is determined at the time the complaint is filed.  Freeport – McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991).  For the purpose of diversity jurisdiction, "[d]omicile is determined by two factors:  physical presence in a state, and intent to remain there for an unspecified or indefinite period of time."  Prakash v. Am. Univ., 727 F.2d 1174, 1180 (D.C. Cir. 1984).  In her Complaint, Plaintiff states she is "a resident of the Commonwealth of Virginia."[2]  Exhibit A, Complaint ¶ 3.  Therefore, Plaintiff is a citizen of Virginia for purposes of diversity jurisdiction.

#### *2.     Defendant is a citizen of Delaware.*

"[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . .  where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).   The Supreme Court has held that courts should apply the "nerve center" test to determine a corporation's principal place of business.  Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation's principal place of business normally is the state in which it maintains its main headquarters.  *Id.*

Syngenta Corporation is incorporated in Delaware and maintains its corporate headquarters in Wilmington, Delaware.  Accordingly, Syngenta Corporation is considered to be a citizen of Delaware for purposes of diversity jurisdiction.

---

[2] Although the caption of the Complaint indicates Plaintiff's address is 1828 L Street, NW, Suite 820, Washington, D.C. 20036, this is actually the address for Plaintiff's attorney of record, David A. Branch, Esq.  *Contra* Exhibit A, Complaint ¶ 3 (Plaintiff states she is a resident of the Commonwealth of Virginia.).

In summary, complete diversity exists in this case because Plaintiff is a citizen of Virginia, while Defendant is a citizen of Delaware.

### 3. *The amount in controversy exceeds $75,000.*

Additionally, Plaintiff claims in her Complaint that she is entitled to approximately $100,000 in stock options in addition to other monetary damages, including but not limited to back pay, front pay and bonuses. *See* Exhibit A, Complaint ¶ 21 and "Prayer for Relief." Thus, as of the date of this filing, Plaintiff's alleged damages exceed $100,000, making removal proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000.

## IV. Notice to State Court

Pursuant to 28 U.S.C. § 1446(a), Defendant Syngenta Corporation is filing with this Notice of Removal, copies of all process, pleadings, orders and other papers served on it in the state court action. *See* Exhibit A. Pursuant to 28 U.S.C. §§ 1446(d), Syngenta Corporation is providing written notice to Plaintiff, by and through her counsel, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the District of Columbia. A copy of the Notice of Filing is attached as Exhibit B.

In filing this Notice of Removal, Syngenta Corporation does not waive, and specifically reserves, all defenses, exceptions, rights and motions that may be asserted in or as its responsive pleading or otherwise. No statement herein or omission shall be deemed to constitute an admission by Syngenta Corporation of any of the allegations or damages sought in the Complaint.

Written notice of the filing of this Notice of Removal will be provided to all parties who have appeared in this action as required by 28 U.S.C. § 1446(d).

The required filing fee of four hundred dollars ($400.00) and an executed civil cover sheet accompany this Notice.

WHEREFORE, having fulfilled all statutory requirements, Defendant Syngenta Corporation hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated:     October 8, 2019                    Respectfully submitted,

                                               */s/ Kevin M. Kraham*
                                               Kevin M. Kraham (D.C. Bar No. 459077)
                                               LITTLER MENDELSON, P.C.
                                               815 Connecticut Avenue, NW, Suite 400
                                               Washington, D.C. 20006
                                               202.842.3400 Telephone
                                               202.842.0011 Facsimile
                                               kkraham@littler.com

                                               *Counsel for Defendant*
                                               *Syngenta Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of October 2019, I caused a copy of the foregoing Notice of Removal to be filed with the Clerk of Court, and a copy to be served by U.S. mail, postage prepaid, upon:

>David A. Branch, Esq.
>1828 L Street, NW
>Suite 820
>Washington, D.C. 20036
>
>*Counsel for Plaintiff*

I further certify that, pursuant to 28 U.S.C.§ 1446(d), on the 8th day of October 2019, I caused a copy of the foregoing Notice of Removal to be filed in the Clerk's Office of the Superior Court of the District of Columbia at the following address:

>Clerk of Court
>Superior Court of the District of Columbia
>Civil Division
>500 Indiana Avenue, N.W.
>Suite 5000
>Washington, D.C. 20001

                                       */s/ Kevin M. Kraham*
                                        Kevin M. Kraham